IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOTAL PETROLEUM PUERTO RICO CORPORATION<br>Plaintiff<br>vs<br>JAVIER TORRES-CARABALLO, his wife, NERIMAR PEREZ-MALDONADO, the conjugal partnership between them; HIRAM ANDREU-SOTO, his wife, NORA BENABE-BENABE, the conjugal partnership between them; JOSE MANUEL BENABE-BENABE; JULIO C. LOPEZ, his wife, CARMEN HIYDA MERCADO-REYES, the conjugal partnership between them; ALUMA CONSTRUCTION, CORP.; SEVERINA GUADALUPE-GUADALUPE; S-S SERVICE STATION, INC.; JOSE L. CRESPO, his wife, ANITA VAZQUEZ-MULERO, the conjugal partnership between them; SANTOS PABON-GARCIA; JOSE ANTONIO PABON-GARCIA, his wife, ELIZABETH SANTIAGO-RIVERA, the conjugal partnership between them; SIXTO PABON-GARCIA; MICADA DE PUERTO RICO, INC.; OTHER UNKNOWN PARTIES A, B, C<br>Defendants | CIVIL 09-1402CCC |

## OPINION AND ORDER

Before the Court is plaintiff Total Petroleum Puerto Rico Corporation's ("TPPRC") unopposed Motion for Partial Summary Judgment and Memorandum of Law (**docket entry 135**) and its accompanying Statement of Undisputed Material Facts (docket entry 136). Plaintiff seeks partial judgment declaring its ownership and ordering the immediate surrender of its equipment for the storage and sale of petroleum products located at the service station at Ciénaga Baja #18 in Río Grande, Puerto Rico (the Service Station). Plaintiff also seeks an order enjoining Hiram Andreu-Soto, his wife Nora Benabe-Benabe and their conjugal

CIVIL 09-1402CCC                                          2

partnership, and José Manuel Benabe-Benabe[1] ( the "Andreu defendants") from continuing the illegal use and possession of said equipment.

The Andreu defendants, who were duly served with summons, the verified complaint and the injunction pleadings, failed to appear in this case and default was entered against them on June 18, 2010 (docket entry 112). Plaintiff moves the Court for summary judgment declaring that the Andreu defendants have no legal right to retain possession over TPPRC's equipment for the storage and sale of petroleum products and an order to immediately surrender the same to plaintiff.

LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala,124 F.3d. 298, 306 (1st Cir. 1997). The nonmoving party must establish the existence of at least one relevant and material fact in dispute to defeat such a motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791,794 (1st Cir. 1992). The Court must look at the record in the light most favorable to the non-moving party; however the Court need not rely on unsubstantiated allegations. To defeat a motion for summary judgment, evidence offered

---

[1] It is noted that Hiram Andreu-Soto, his wife Nora Benabe-Benabe and their conjugal partnership are the owners of the real property. José Manuel Benabe-Benabe is a party only to the lease for operation of the ESSO service station and the use of storage tanks and other equipment.

CIVIL 09-1402CCC                             3

by non-movant "must be significantly probative of specific facts." Prescott v. Higgins, 538 F.3d. 32, 40(1st Cir. 2008); Pérez v. Volvo Car Corp, 247 F.3d. 303, 317 (1st Cir. 2001). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" [A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir.1995). Inasmuch as the Andreu defendants did not oppose the summary judgment motion, the plaintiff's statements of uncontested facts and supporting evidence remain uncontroverted.

Undisputed Relevant Material Factual Allegations

Having examined the verified complaint, the motion for summary judgment, and statement of uncontested facts and the evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law.

On October 31st, 2008, after Esso Standard Oil Company (Puerto Rico) Limited (ESSO) decided to withdraw from the Puerto Rico market, TPPRC and ESSO executed multiple agreements through which TPPRC acquired ESSO's assets in Puerto Rico including, among others, ESSO's network of gasoline service stations. As part of the agreements, TPPRC acquired through assignment contractual rights, including the ones executed between ESSO and the Andreu defendants. (Verified complaint, docket entry 1, Exhibits 22 and 23, Certified English Translations, docket entry 49.) TPPRC also purchased and acquired ESSO's equipment for the storage and sale of petroleum products, including the underground storage tanks located on the Andreu defendants' real estate property. Id.

Previously, on March 5, 1998, ESSO had executed a private fifteen-year Lease Contract with the Andreu defendants for their real estate property. Said property was to be used as a gasoline service station under the ESSO brand. By virtue of the Lease Contract, ESSO was authorized to sublease the property and transfer and/or assign the private Lease

CIVIL 09-1402CCC                                      4

Agreement to any third party.  (Docket entry 49, English translation, Exhibit 22, p. 2.)  Under its terms, ESSO would also retain ownership of all the equipment for the sale and storage of petroleum products located at the Service Station, such as pumps, underground storage tanks and any other equipment installed or that would be installed in the future.  (Id., pp.3-4.)

On April 7th, 1999, ESSO entered into a Deed of Lease with the Andreu defendants, with José Manuel Benabe-Benabe, as an additional party-lessor, which also provides for the def's operation of an ESSO gasoline service station on the premises.  (Id., Exhibit 23.)  The Deed of Lease had a duration of three years and could be extended at ESSO's option for additional three-year term, "until such time that the title to the property in the lessee's name is resolved," after which the parties would execute a deed creating a fifteen (15) year lease in favor of ESSO that could be recorded in the Puerto Rico Property Registry. (Id., pp.4-5) After previously notifying the Andreu defendants of its intention to withdraw from the Puerto Rico market, ESSO informed them on April 16, 2008, that all of its rights, interests and obligations contained in the lease agreement, including ownership over the equipment for the storage and sale of petroleum products located at the premises, were being transferred to TPPRC.  (Id., Exhibit 24.)

Nonetheless, TPPRC's equipment for the storage and sale of petroleum products remain under the control of the Andreu defendants on the closed premises of the Service Station. (Docket entry 1 at ¶¶. 23-24.)

The Civil Code of Puerto Rico provides the law applicable to the interpretation of contracts.  Article 1233 provides that, where "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed."  31 L.P.R.A. §3471.  IOM Corp. v. Brown Forman Corp., 627 F.3d. 440, 447 (1st Cir. 2010).  Clear terms are those that in themselves are lucid enough to be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation.  Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey . . . , 615 F.3d. 45, 53 (1st Cir. 2010).  That is, if the wording of the contract is explicit and its language is clear,

CIVIL 09-1402CCC                          5

its terms and conditions are binding on the parties. <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d. 10, 19 (1st Cir. 2009), quoting <u>Nieves v. Intercontinental Life Ins. Co. of P.R.</u>, 964 F.2d 60, 63 (1st Cir. 1992) (collecting Puerto Rico cases).

By virtue of Deed of Lease executed April 7, 1999, the Andreu defendants, as the fee simple owners and LESSOR, leased the Río Grande property to ESSO which then assigned it to TPPRC as part of its acquisition of ESSO's assets in Puerto Rico.

Terms of the deed relevant to the ownership, assignment, and removal of the equipment in issue include the following:

> --- Seven: LESSOR recognizes that the LESSEE will have at its discretion the right at any time during the effective term of this contract and even after its termination, to remove and transfer all of the structures, accessories, equipment and other properties that belong to it or which may have been installed on the property object of this lease by the LESSEE during the effective term of this lease or of any prior lease, or any extension or renewal of the same, including, without limitation, pumps for the sale of gasoline and the underground tanks….
> 
>         . . .
> 
> --- Nine: LESSOR states and consciously waives all right to accession that it has or may claim over or with regard to the equipment of LESSEE.
> 
>         . . .
> 
> --- Eleven: The pumps, tanks, compressor, air tower and any other equipment now installed by the LESSEE or which may be installed in the future by the LESSEE in the property object of this lease, even if adhered to the soil or to the buildings or to any other equipment of the LESSOR, will not be considered as "real properties" or as "improvements to the real property", for purposes of the law since this was expressly agreed to by the parties in this contract.
> 
>         . . .
> 
> --- Twelve: It is expressly understood that all of the equipment installed by the LESSEE will remain at all times as property of Esso Standard Oil Company (Puerto Rico) unless the same is sold or in any other manner alienated by the lessee. At the conclusion of this lease or before, as agreed in clause eleven(11), the LESSEE, at its option may remove all of its equipment without further request, for which it will have the free

CIVIL 09-1402CCC					6

>	and absolute access to the premises as well as with all of the terms that are reasonably necessary so it can comply with all of the requirements....
>		. . .
>	Twenty Eight: This Contract will bind, and will enure to the benefit of the parties as well as their respective successors and assignees.

English translation, Docket entry 49, Exhibit 23.

For purposes of summary judgment herein, plaintiff has provided the Court with undisputed and material evidence that the equipment for the sale and storage of petroleum products installed at the Service Station is theirs and that they should not have to wait any longer to exercise control over the same. Pursuant to the terms of the Deed of Lease before us, as cited above, ESSO's right to assign the lease agreement and transfer ownership of the equipment for the sale and storage of petroleum products installed at the Service Station is clear and unambiguous. It is also unquestionable that, pursuant to the Seventh section of deed, ESSO's assignee TPPRC has the right to remove and transfer the equipment at any time during and/or after the termination of said lease.

Notwithstanding the above, the Andreu defendants are maintaining possession and control of TPPRC's equipment; the service station is currently closed to consumers and a "For Sale" sign is posted. The Court finds that their actions are preventing TPPRC from exercising its rightful possession and use of its equipment.

For the above-stated reasons, and there being no material issue of fact in controversy as to TPPRC's ownership of the equipment, as well as, no reason to further delay adjudication of this case, Plaintiff's Motion for Partial Summary Judgment (**docket entry 135**) is GRANTED in its entirety. Accordingly, declaratory judgment will be entered declaring that the Andreu defendants have no right to retain possession, use and/or exercise control over the equipment owned by TPPRC, and prohibiting them from exercising further

CIVIL 09-1402CCC                                   7

control or possession over said equipment, and ordering its immediate surrender to TPPRC so that it may remove the same from the premises.

    SO ORDERED

    At San Juan, Puerto Rico, on March 21, 2011.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge